[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Michael Seifert ("Seifert"), in his amended complaint seeks: (1) a declaratory judgment whether a covenant not to compete executed by him and his former employer, Nemeth/Martin Personnel Consulting, Inc. ("Nemeth/Martin"), is enforceable, and (2) money damages for breach of an employment agreement. Nemeth/Martin has counterclaimed for money damages alleging that Seifert breached: (1) his employment agreement, and (2) the implied covenant of good faith and fair dealing by initiating his lawsuit.
Seifert moved, on June 22, 2000, for summary judgment. There is no express indication whether Seifert seeks judgment on both counts of his complaint, on his complaint and defendant's counterclaims, or simply on the declaratory judgment count of the complaint. However, the papers supporting the motion deal only with the issues raised by the declaratory judgment count, and no proof is submitted on the monetary damages count. CT Page 13983 Therefore, the court treats this motion as one for partial summary judgment.[1]
At oral argument of this motion, Nemeth/Martin raised the issue of mootness pointing out, correctly, that the provisions of the covenant not to compete expired in February, 2000. The court heard oral argument but granted leave to Seifert to submit papers responding to the mootness issue. Those papers were submitted in early October.
In the exercise of its discretion, the court declines to rule on plaintiff's motion. At present, it does not appear that there is any ongoing justiciable controversy regarding the enforceability of the covenant not to compete. As noted above, the covenant's restrictions on Seifert have expired, and Nemeth/Martin has not alleged or claimed that Seifert violated the restrictions when they were in effect either in a counterclaim or as a special defense to the plaintiffs claim for monetary damages.
On the other hand, it may be premature to rule that the issue is moot because it could arise at some point if this litigation continues.
There is also the consideration of judicial economy. A grant or denial of the motion would not appreciably, if at all, advance this litigation since the second count of the complaint and the counterclaims remain undetermined. Should the above circumstances change or new facts or claims arise, it might be appropriate to renew the motion. If such occurs, the undersigned recommends that the parties be allowed to rely on the previously submitted papers.
Adams, J.